UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONE STANDARD OF JUSTICE, INC., a Connecticut Corporation; and JOHN DOE, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF BRISTOL, CONNECTICUT, a Municipal Corporation, <br><br> Defendant | Case Number: 3:22-cv-863 <br><br> July 8, 2022 |

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION TO PROCEED UNDER FICTITIOUS NAMES**

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, this rule is not absolute. *See generally Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008). considering a motion to proceed under fictitious names, the Court should balance the interests of the Plaintiffs in anonymity against the public interest in full disclosure and any prejudice to the Defendant. *Id*. at 190.

Factors to consider in this weighing of interests include, among others, whether identification poses a risk of retaliatory physical or mental harm; whether the suit challenges private or governmental action; whether the defendant is prejudiced by allowing the plaintiffs to press their claims

anonymously; and whether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities. *Id*. Moreover, Fed. R. Civ. P. 26(c) specifically authorizes the court, upon motion of a party, to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense." A movant must show only good cause to receive the protection of Rule 26(c) and, once good cause is shown, the Court "has broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

In this case, the privacy interests of both the individual Plaintiff and corporate members are paramount. As registered sex offenders they are often subject to widespread opprobrium, even physical violence. This hostility and violence occur even when they are not the subject of individualized publicity. Tewksbury, R., *Collateral Consequences of Sex Offender Registration*, Journal of Contemporary Criminal Justice (Feb. 2005). It often extends to family members as well. Levinson, J.S. & Tewksbury, R., *Collateral Damage: Family Members of Registered Sex Offenders*, American Journal of Criminal Justice (2009).

These problems are exacerbated in this case as it is likely to garner media attention. The adoption by various Connecticut municipalities of

ordinances such as the one challenged here has been well-covered by the media. The individual Plaintiff and members of the corporate Plaintiff in this case are justifiably worried that by instituting this suit they are holding themselves out as an object for the type of abuse suffered by other registrants. This threat is heightened by the fact that, as registrants, their photographs, home addresses, and other personal information is readily available to the public through the state's public sex offender registry. This information can be used to identify not only the individual and corporate members themselves, but their families and associates, potentially subjecting all of them to unwarranted harassment and abuse.

John Doe, as well as many members of the corporate Plaintiff, has found it difficult to hold jobs, engage in social activities, and participate in his family's lives. Publicity surrounding this lawsuit could cause Plaintiff and corporate members even more difficulty, placing them in the untenable position of having to choose between attempting to vindicate their constitutional rights and risking further damage to their lives and livelihoods.

For these, and other reasons, courts have traditionally noted that "where a plaintiff attacks a governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered strong." *E.W. v. New York Blood Center*, 213

F.R.D. 108, 111 (E.D.N.Y. 2003) (citing *Roe v. Wade*, 440 U.S. 113 (1972), *abrogated on other grounds*, *Dobbs v Jackson Women's Health Org.*, No. 19-1392 (U.S. Jun. 24, 2022).

To be sure, the individual Plaintiff's and corporate members' names and other personal details are already public as they are members of the registry. That fact alone places the plaintiffs at heightened risk of harassment. However, by participating in this lawsuit both the individual Plaintiff and identified corporate members could well become particular objects of the type of harassment and retribution suffered by registrants in general.

For these and similar reasons, Courts dealing with suits of this type have generally been amenable to allowing plaintiffs to proceed anonymously. *See, e.g.*, *Connecticut Dep't of Public Safety v. Doe*, 538 U.S. 1 (2003); *Smith v. Doe*, 538 U.S. 84 (2003); *Doe v. Penn. Bd. of Prob. & Parole*, 513 F.3d 95, 98 (3d Cir. 2008); *Doe v. Sturdivant*, 490 F.3d 491 (6th Cir. 2007); *Doe v. Sauer*, 186 F.3d 903, 904 (8th Cir. 1999); *Doe v. Pataki*, 120 F.3d 1263, 1265 (2d Cir. 1997). The Defendant here suffers no disadvantage under this procedure. Upon request, Plaintiffs will provide the actual names under seal. The Defendant will have ample opportunity to conduct discovery and formulate whatever defenses to this action may seem appropriate.

Plaintiffs here are not seeking merely to avoid the "annoyance and

criticism that may attend any litigation." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). They have a legitimate fear of retaliatory physical or mental harm not just to themselves but to their family members and associates; they are bringing an action against the government; and the government suffers no disadvantage from anonymous proceedings. For these reasons, Plaintiffs respectfully request that the motion should be granted.

Respectfully submitted this is the 8th day of July, 2022.

By: /s/Alexander T. Taubes
Alexander T. Taubes, Esq., ct30100
Alexander T. Taubes
470 James Street, Suite 007
New Haven, CT 06513
Tel: 203-909-0048
Email: alextt@gmail.com

By:/s/Paul Dubbeling
P.M. Dubbeling, PLLC
210 North Columbia Street
Chapel Hill, NC 27514
(919) 635-6005 Telephone
(919) 404-7074 Facsimile
paul.dubbeling@pmdubbeling.com
N.C. Bar # 47014

*Pro Hac Vice Motion Pending*