**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ONE STANDARD OF JUSTICE, INC. | ) | 3:22-CV-00863 (SVN) |
| and JOHN DOE, | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF BRISTOL, | ) | December 9, 2022 |
| *Defendant*. | ) | |

**RULING AND ORDER ON PLAINTIFFS' MOTION TO PROCEED UNDER**
**FICTITIOUS NAMES**

Sarala V. Nagala, United States District Judge.

Plaintiff One Standard of Justice, Inc. ("One Standard") and one of its members, John Doe, have brought this action against the City of Bristol, Connecticut ("Defendant" or "Bristol"), alleging that a city ordinance prohibiting child sex offenders from being present in certain areas is unconstitutional. The complaint raises the following three claims: (1) that the ordinance is not narrowly tailored to serve a significant government interest and is overbroad in violation of both the First and Fourteenth Amendments of the U.S. Constitution; (2) that the ordinance violates Plaintiffs' Fourteenth Amendment right to equal protection under the law; and (3) that the ordinance violates Plaintiff Doe's Fourteenth Amendment right to the care, custody, and control of his children. Plaintiffs seek declaratory and injunctive relief.

In their pending motion, Plaintiffs seek to proceed anonymously, claiming that their interest in anonymity outweighs both the public interest in disclosure of their identities and any prejudice Defendant might suffer from nondisclosure. Plaintiffs further request that the Court enter a protective order protecting against the public disclosure of the true identities of Plaintiff Doe and other members of One Standard. Defendant opposes Plaintiffs' motion, arguing that

Plaintiffs should not be exempt from Rule 10(a) of the Federal Rules of Civil Procedure, which requires that all parties be named in the title of a complaint.

For the reasons described below, the Court agrees with Plaintiffs that Plaintiff Doe's interest in anonymity outweighs the public interest in disclosure of his name and any prejudice Defendant might suffer from nondisclosure. Accordingly, the Court will permit Plaintiff Doe to proceed in fictitious name. In order to facilitate discovery, the Court also grants Plaintiffs' request for a protective order and approves, with slight modifications, the protective order Plaintiffs have attached to their motion.[1] Plaintiffs' motion, however, focuses on Plaintiff Doe, and Plaintiffs have provided little information about any members of One Standard other than him; Defendant, for its part, has not requested that the names of these other members be disclosed in the case caption. Therefore, to the extent Plaintiffs request permission for any members of One Standard other than Plaintiff Doe to proceed anonymously, their motion is denied without prejudice to refiling if Defendant seeks to add the names of such members to the case caption. At this juncture, the names of such other members will be protected from public disclosure by the protective order the Court approves as part of this ruling.

Accordingly, Plaintiffs' motion is GRANTED IN PART.

I.      FACTUAL AND PROCEDURAL BACKGROUND

The following allegations, as set forth in Plaintiffs' complaint, are relevant to Plaintiffs' pending motion. *See* Compl., ECF No. 1. Plaintiff One Standard is a nonprofit organization that, among other things, seeks to reform state and municipal laws regarding sex offender registries. *Id.* ¶ 18. Plaintiff Doe, who currently resides in Bristol, Connecticut, is a member of One Standard and a parent of three school-age children. *Id.* ¶¶ 27, 38. In 2000, when he was seventeen years

---

[1] In conjunction with this ruling, the Court will docket a signed version of the proposed protective order Plaintiffs have submitted at ECF No. 4-2.

old, Doe was convicted of third-degree sexual assault. *Id.* ¶¶ 28, 30. He completed probation in 2013, and is not currently under any court-imposed restrictions. *Id.* ¶ 29.

In 2008, Bristol adopted an ordinance (the "Ordinance") that established "child safety zones" and prohibits, with limited exceptions, any "child sex offender" from being present in a child safety zone. *Id.* ¶¶ 2, 44; *see* ECF No. 1-1 (attaching Bristol, Conn., Code of Ordinances §§ 15-80–15-84). Various members of One Standard—including Plaintiff Doe, due to his sexual assault conviction—are subject to the Ordinance. Compl. ¶¶ 20, 31. While the complaint includes details regarding Plaintiff Doe's family and sexual assault conviction and states that One Standard has other members who are subject to the Ordinance, it does not provide specific details about the circumstances of the other members. *See id.* ¶¶ 16–26.

In the present suit, Plaintiffs seek to challenge the constitutionality of the Ordinance. Shortly after filing their complaint, Plaintiffs filed a motion requesting permission to proceed under fictitious names. ECF No. 4. Specifically, the motion requests that Plaintiff Doe be permitted to proceed anonymously, and that One Standard be permitted to proceed anonymously "to the extent by-name information of its members might otherwise be required." *Id.* at 1. Plaintiff Doe does not object to providing his true name to Defendant—nor does One Standard object to providing its members' names, to the extent such information may be discoverable—provided the Court enters a protective order barring further dissemination of this information and requiring that any documents containing such information be filed under seal. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) provides, in pertinent part, that "[t]he title of the complaint must name all the parties." This requirement serves the "vital purpose" of facilitating public scrutiny of judicial proceedings. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–

89 (2d Cir. 2008). Identifying parties in a proceeding "is an important dimension of publicness," as "people have a right to know who is using their courts." *Id.* at 189.

Courts have, however, "carved out a limited number of exceptions to the general requirement of disclosure of the names of the parties." *Id.* at 189 (cleaned up). These exceptions permit plaintiffs to proceed anonymously under certain circumstances. *Id.* Because concealing a party's full name "violates the public's right to access judicial proceedings," leave to proceed anonymously "is typically reserved for particularly sensitive cases." *S.D. v. Decker*, No. 22-CV-3063 (VSB) (BCM), 2022 WL 1239589, at *1 (S.D.N.Y. Apr. 27, 2022). Ultimately, it is within a court's discretion to decide whether to allow a plaintiff to proceed anonymously. *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996).

The Second Circuit has set forth a balancing test that weighs "the plaintiff's interest in anonymity" against both "the public interest in disclosure" and "any prejudice to the defendant" to determine whether the plaintiff should be permitted to proceed under a fictitious name. *Sealed Plaintiff*, 537 F.3d at 189. Specifically, the Second Circuit has instructed courts to examine the following ten factors in making such a determination:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

4

(7)    whether the plaintiff's identity has thus far been kept confidential;

(8)    whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9)    whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10)    whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (cleaned up) (citations and internal quotation marks omitted). This list is "non-exhaustive," and district courts "should take into account other factors relevant to the particular case under consideration." *Id.* at 189–90.

## III.   DISCUSSION

The Court concludes that, on balance, the factors set forth in *Sealed Plaintiff* weigh in favor of permitting Plaintiff Doe to proceed under a fictitious name. Because the Court lacks sufficient information to determine whether One Standard's other members should be permitted to proceed anonymously, however—and because Defendant has not requested that other members' names be added to the case caption—Plaintiffs' motion is denied without prejudice to refiling to the extent it requests that any members of One Standard other than Plaintiff Doe be allowed to proceed under fictitious names. The Court will analyze each *Sealed Plaintiff* factor in turn with respect to Plaintiff Doe.

### A.  First Factor:  Matters of a Highly Sensitive and Personal Nature

The first factor, whether this litigation involves matters that are highly sensitive and of a personal nature, weighs in favor of allowing Plaintiff Doe to proceed anonymously. Defendant concedes that an individual's status as a convicted sexual offender is sensitive and personal information. ECF No. 20 at 7. While there is case law in this Circuit suggesting that a party's public criminal record is not highly sensitive and of a personal nature, *see S.D.*, 2022 WL 1239589, at *2, there is "undoubtedly some social stigma and embarrassment surrounding" the nature of

convictions for certain sex crimes, *see United States v. Pilcher*, 950 F.3d 39, 43 (2d Cir. 2020); *see also Doe v. Cuomo*, No. 10-CV-1534 TJM/CFH, 2013 WL 1213174, at *6 (N.D.N.Y. Feb. 25, 2013) (finding that the first factor weighed in favor of a plaintiff proceeding anonymously where the plaintiff was challenging restrictions on registered sex offenders).  Accordingly, the Court finds that the first factor weighs in favor of permitting Plaintiff Doe to proceed under a fictitious name.

B. <u>Second Factor:  Risk of Retaliatory Physical or Mental Harm to Plaintiff Doe or to Innocent Non-Parties</u>

The second factor, whether identification would pose a risk of retaliatory physical or mental harm to Plaintiff Doe or to innocent non-parties, also weighs in favor of permitting Plaintiff Doe to proceed anonymously.  In cases where sex offenders seek to challenge the constitutionality of statutes affecting their rights, courts have found that disclosure of the sex offenders' names would:  cause the sex offenders' past crimes to be "highlighted"; identify the sex offenders as individuals "challenging the constitutionality of a statute that was created to protect the public"; and potentially make the sex offenders and their families "even bigger target[s] for retaliation." *See Cuomo*, 2013 WL 1213174, at *6 (citing *Doe v. City of Indianapolis*, No. 1:12-CV-00062-TWP-MJD, 2012 WL 639537, at *2 (S.D. Ind. Feb. 27, 2012)).  While the studies cited by Plaintiffs in their motion are somewhat dated, it is reasonable to conclude that disclosure of Doe's identity would highlight his 2000 conviction, and could create a risk of retaliation against him and

his family, including his young children.[2]   Accordingly, the second factor weighs in favor of allowing Plaintiff Doe to proceed anonymously.

          C.   Third Factor:  Whether Identification Presents Other Harms and the Severity of Those Harms

The third factor, whether identification presents any other harms and the likely severity of those harms, weighs neither heavily against nor in favor of allowing Plaintiff Doe to proceed anonymously.  Plaintiff Doe contends that the disclosure of his identity would cause him to suffer reputational harm beyond that attendant to his placement on the sex offender registry.  While Doe might suffer additional reputational harm from the disclosure of his name in this lawsuit, courts in this Circuit have distinguished reputational harms that "naturally flow as consequences from litigation" from more substantial harms, *Doe #1 v. Syracuse Univ.*, No. 5:18-CV-0496 (FJS/DEP), 2018 WL 7079489, at *6 (N.D.N.Y. Sept. 10, 2018), *report and recommendation adopted*, No. 5:18-CV-00496 (BKS/ML), 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020), and have concluded that, standing alone, reputational harms such as "social stigma" and "embarrassment" do not present grounds for a party to proceed anonymously, *see Doe I v. Individuals*, 561 F. Supp. 2d 249, 257 (D. Conn. 2008).  Thus, while the Court recognizes that disclosure of Plaintiff Doe's name might cause him to suffer reputational harm in addition to the risk of retaliatory harm discussed above, such additional harm is not of the type that courts have recognized as particularly severe.

---

[2] The cases Defendant cites regarding risk of harm and retaliation are inapposite.  *North Jersey Media Group Inc. v. Doe Nos. 1-5*, No. 12 Civ. 6152 (VM) (KNF), 2012 WL 5899331, at *5 (S.D.N.Y. Nov. 26, 2012), involved a copyright infringement claim against the publisher of information at the website stoopidhousewives.com.  The defendant sought to proceed anonymously because of profane comments readers of the website had left on the site.  *Id.* at *5–6.  The risk of harm that the website publisher faced in that case was much lower than the documented opprobrium convicted sex offenders face.  Additionally, several of the other cases Defendant has cited relevant to this factor arise in the context of claims of sexual harassment and abuse, which implicate different interests than the present case.  Finally, in *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015), the plaintiff did not argue she would be at risk of physical harm or retaliation if her name was made public.

Accordingly, the third factor weighs neither heavily against nor in favor of granting Plaintiff Doe's request to proceed anonymously.

    D.   <u>Fourth Factor:  Whether Plaintiff Doe Is Particularly Vulnerable to the Possible Harms of Disclosure</u>

The fourth factor, whether Plaintiff Doe is particularly vulnerable to the possible harms of disclosure, weighs in favor of Defendant.  In examining this factor, courts generally discuss the age of the plaintiff at issue.  *See Syracuse Univ.*, 2018 WL 7079489, at *6.  Specifically, "courts have been readier to protect the privacy of infant plaintiffs than of adults, whether because children are conceived as more vulnerable or because the child whose privacy is at stake has not chosen for himself or herself to pursue the litigation."  *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) (citations omitted).  Here, Doe contends that, although he is not a minor, his children are particularly vulnerable to possible harm in light of their ages.  ECF No. 23 at 4.  This factor, however, concerns the potential vulnerability of plaintiffs themselves; innocent non-parties are considered in the second factor, discussed above.  Accordingly, Doe's argument is unavailing, and the fourth factor weighs in favor of Defendant.

    E.   <u>Fifth Factor:  Whether the Suit Is Challenging the Actions of the Government or Those of Private Parties</u>

The fifth factor, whether this suit is challenging the actions of the government or those of private parties, weighs in favor of Plaintiff Doe.  When a plaintiff attacks a governmental activity, such as governmental policies or statutes, the plaintiff's interest in proceeding anonymously is considered "particularly strong" because the plaintiff "presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights."  *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).  In this case, Plaintiffs are seeking to challenge the actions of Defendant, a municipal governmental body.  Thus, Plaintiff

Doe's interest in proceeding anonymously is particularly strong, and the fifth factor weighs in his favor.  Defendant concedes as much.  *See* ECF No. 20 at 12.

        F.   <u>Sixth Factor:  Whether Defendant Is Prejudiced by Allowing Plaintiff Doe to Proceed Anonymously</u>

The sixth factor—whether Defendant will be prejudiced by allowing Plaintiff Doe to proceed anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the Court—weighs in favor of Plaintiff Doe.  When examining this factor, courts have considered potential difficulties in conducting discovery, reputational damage to defendants, and the "fundamental fairness" of allowing a party to proceed anonymously.  *Rapp v. Fowler*, 537 F. Supp. 3d 521, 531 (S.D.N.Y. 2021).  Here, Defendant contends that it would be prejudiced if the Court were to allow Plaintiff Doe to proceed anonymously for two reasons:  first, Defendant's ability to conduct discovery would be hindered because it would be more difficult for Defendant to identify witnesses; and second, it would be unfair to force Defendant to defend itself publicly while Plaintiff Doe is shielded by a "cloak of anonymity."  The Court rejects both arguments.

First, allowing Plaintiff Doe to proceed anonymously will not significantly impede Defendant's ability to identify witnesses.  As discussed in further detail below, Plaintiffs' challenge to the constitutionality of the Ordinance presents issues that are "purely legal" in nature. *See N. Jersey Media Grp. Inc.*, 2012 WL 5899331, at *9 (discussing "a challenge to the constitutionality of legislation" as an example of "a case in which the issues are of a purely legal nature" and distinguishing the claims at issue from other cases involving "purely legal" issues by noting that the plaintiff's allegations involved "fact-finding specific to the litigants" in that action). Because this action involves purely legal claims, the fact-finding specific to Plaintiff Doe will be less extensive, and any alleged prejudice will be mitigated by entry of the protective order allowing

Doe's name to be provided to Defendant. *See Cuomo*, 2013 WL 1213174, at *7 (finding lack of prejudice to defendants where plaintiff's identity could be "revealed for discovery purposes, subject to a protective order"). Thus, this Court is unpersuaded that Defendant will be prejudiced in conducting discovery if Plaintiff Doe is permitted to proceed anonymously.

Next, the Court rejects Defendant's argument that it would be fundamentally unfair to allow Plaintiff Doe to proceed anonymously. In considering "fundamental fairness," courts have discussed whether fairness requires a plaintiff to "be prepared to stand behind [his] charges publicly." *See Rapp*, 537 F. Supp. 3d at 532 (alteration in original) (quoting *Shakur*, 164 F.R.D. at 361). For example, defendants facing serious allegations may be prejudiced "when required to defend themselves publicly before a jury while plaintiffs make accusations from behind a cloak of anonymity." *Id.* at 531–32 (cleaned up) (internal quotation marks omitted). The Court is unconvinced that allowing Plaintiff Doe to proceed anonymously in this case would prejudice Defendant in such a manner. First, as a governmental entity, Defendant "is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *EW*, 213 F.R.D. at 111. Moreover, this is not a case in which Plaintiffs are making accusations of serious misconduct against an individual defendant. Rather, Plaintiffs seek to challenge the constitutionality of a municipal ordinance. As a result, Defendant's arguments regarding fairness are particularly weak. *See Free Speech v. Reno*, No. 98 CIV. 2680 MBM, 1999 WL 47310, at *2 (S.D.N.Y. Feb. 1, 1999) (finding a lack of a "fairness consideration for the reputation of the defendant" or any "prejudice to the government's defense" that counseled against allowing plaintiffs challenging the constitutionality of federal government regulations to proceed anonymously). Thus, the Court is not convinced that fundamental fairness requires Plaintiff Doe to disclose his identity.

Although Defendant states that the prejudice it will suffer by allowing Plaintiff Doe to proceed anonymously "would only increase as the case approaches trial," this argument appears only in a heading in Defendant's brief and Defendant offers no support for it.  Accordingly, the Court will not address this argument any further.

For these reasons, the sixth factor weighs in favor of allowing Plaintiff Doe to proceed anonymously.

G.  Seventh Factor:  Whether Plaintiff Doe's Identity Has Thus Far Been Kept Confidential

The seventh factor, whether Plaintiff Doe's identity has thus far been kept confidential, weighs in favor of Plaintiff Doe.  To date, Doe's name has not been disclosed with respect to this action.  The Court is unpersuaded by Defendant's argument that this factor weighs in its favor because Doe's name was disclosed to the public when he was convicted of sexual assault and placed on the sex offender registry.  Although Doe concedes that his identity is readily available to the public through the State of Connecticut's public sex offender registry, this, alone, does not mandate that this factor weigh against allowing him to proceed anonymously.  *See Doe v. Univ. of Conn.*, No. 3:09-CV-1071 (JGM), 2013 WL 4504299, at *28 (D. Conn. Aug. 22, 2013).  Rather, the Court looks to whether Doe's name has thus far been kept confidential for purposes of *this* litigation and whether there is a way for the public information regarding Doe's previous conviction "to be linked to him in this lawsuit."  *See id.* (allowing plaintiff to proceed anonymously after finding that there was "no way for the public information regarding plaintiff from his convictions to be linked to him in [the pending] lawsuit").  Although Defendant strenuously argues that Doe's public conviction and placement on the sex offender registry undermines his request for anonymity, Defendant does not demonstrate how the public information regarding Doe's

11

previous conviction could be linked to him in the present suit.  Accordingly, the seventh factor weighs in favor of Plaintiff Doe.

      H.   <u>Eighth and Ninth Factors:  Whether the Public's Interest in this Litigation Will Be Furthered by Disclosing Plaintiff Doe's Identity, and Whether There Is an Atypically Weak Public Interest in Knowing Plaintiff Doe's Identity</u>

The eighth and ninth factors—whether the public's interest in this litigation is furthered by requiring Plaintiff Doe to disclose his identity or whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing Plaintiff Doe's identity—both weigh in favor of Plaintiff Doe.

Where, as here, "a lawsuit is brought solely against the government and seeks to raise an abstract question of law that affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process." *Del Rio*, 241 F.R.D. at 158.  Thus, in cases where a plaintiff challenges the constitutionality of public policy, courts have found that the issues presented are "purely legal" in nature and, as a result, there is a weak public interest in learning the plaintiff's identity.  *See, e.g.*, *Cuomo*, 2013 WL 1213174, at *7.  Courts have applied this principle with respect to both facial and as-applied challenges to the constitutionality of legislation. *See Free Speech*, 1999 WL 47310, at *3 (finding that there was little public interest in knowing the identities of plaintiffs who raised facial and as-applied challenges to federal government regulations).

Here, as discussed above, the public's interest in knowing Plaintiff Doe's identity is weakened by the purely legal nature of Plaintiffs' challenge to the validity of the Ordinance. Plaintiffs challenge the constitutionality of the Ordinance both on its face and as applied to Plaintiff Doe and any other person with minor children who is subject to the Ordinance.  The public interest in knowing Doe's identity is particularly weak given that Plaintiffs' claims do not involve any

specific actions or incidents but rather a more general legal challenge to the validity of the Ordinance, itself. *Cf. Doe v. N.Y. State Dep't of Health*, No. 1:20-CV-04817-GHW, 2020 WL 5578308, at *5 (S.D.N.Y. Sept. 17, 2020) (finding that the ninth factor did not weigh heavily in favor of anonymity where it was unclear whether the litigation would involve "particular actions and incidents," as opposed to mere "abstract challenges to public policies"). The fact that Plaintiffs raise both facial and as-applied challenges to the Ordinance does not alter the Court's conclusion on this point. *See Free Speech*, 1999 WL 47310, at *3 (finding that because the plaintiffs raising facial and as-applied challenges to federal government regulations were "essentially interchangeable with similarly situated persons," there appeared to be "little public interest in which particular persons [had] actually sued"). Accordingly, the public's interest in knowing Plaintiff Doe's identity is weak.

The Court is unpersuaded by Defendant's argument that the public has a strong interest in disclosure based on the nature of the reasons for which Plaintiff Doe seeks to invalidate the Ordinance. Defendant argues that the public has a "right" to know the identities of convicted sex offenders who seek to invalidate restrictions that prevent them from gaining access to public places where children are present and often unattended. *See* ECF No. 20 at 15–16. But, to the contrary, courts have routinely found that there is a weak public interest in knowing the identities of sex offenders who raise claims of a purely legal nature. *See Cuomo*, 2013 WL 1213174, at *7 (finding that there was a weak public interest in knowing the identity of the plaintiff, who was a sex offender challenging amendments to New York's Sex Offender Registration Act); *City of Indianapolis*, 2012 WL 639537, at *2 (finding public's interest in disclosure was weakened because case brought by sex offender raised "pure issue of law" and because sex offender represented a class); *Fross v. Cnty. of Allegheny*, No. 08-1405, 2008 WL 4610290, at *2 (W.D. Pa. Oct. 16, 2008) (finding that

there was "no particularly strong interest" in knowing the plaintiffs' identities where the fact that the anonymous plaintiffs were registered sex offenders was "the only determinative factor as to their status" for purposes of the suit and the individuals' names would not affect the legal issues raised in the case). Defendants have cited no authority to the contrary.

Accordingly, the eighth and ninth factors weigh in favor of Plaintiff Doe.

        I.   <u>Tenth Factor: Whether There Are Alternative Mechanisms for Protecting Plaintiff Doe's Confidentiality</u>

The tenth factor, whether there are any alternative mechanisms for protecting Plaintiff Doe's confidentiality, weighs in favor of Plaintiff Doe. This factor may weigh against allowing a party to proceed anonymously where "less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, or a protective order" may suffice to protect the party's confidentiality. *See Rapp*, 537 F. Supp. 3d at 533. Here, Plaintiff Doe seeks to proceed anonymously to prevent harms that may accompany the disclosure of his *name*, not other personal information that could otherwise be kept confidential by a protective order if his name were disclosed. If Doe's name were disclosed, his status as a convicted sex offender and the fact that he is challenging the Ordinance would be highlighted. Thus, the disclosure of Plaintiff Doe's name, alone, would put him at risk for potential retaliation. Accordingly, the tenth factor weighs in favor of allowing him to proceed in fictitious name.

**IV.**     **CONCLUSION**

For the reasons described herein, Plaintiffs' motion to proceed under fictitious names is GRANTED IN PART. Plaintiff Doe will be permitted to proceed in fictitious name, and the Court hereby approves, with slight modifications, the protective order Plaintiffs have submitted at ECF No. 4-2. In conjunction with this ruling, the Court will docket a signed version of the protective order. Because Defendant has not requested that any of One Standard's members other than

Plaintiff Doe be disclosed in the case caption, and because the Court lacks specific information regarding those members that would be necessary to evaluate the *Sealed Plaintiff* factors, Plaintiffs' motion is denied without prejudice to refiling to the extent it requests permission for such members to proceed anonymously.  At this time, the names of such members will be protected from public disclosure by the protective order the Court approves as part of this ruling.  If Defendant seeks to add the names of any other members of One Standard to the case caption, Plaintiffs may renew their request that such individuals be permitted to proceed under fictitious names.


       **SO ORDERED** at Hartford, Connecticut, this 9th day of December, 2022.


                 */s/ Sarala V. Nagala*
                 SARALA V. NAGALA
                 UNITED STATES DISTRICT JUDGE